## C. B. Utsler v. Territory of Oklahoma.

### (Filed Sept. 5, 1900.)

1. GAMING—*Unlawful, Where.* Under Sec. 25 of the liquor laws of 1893 it is unlawful for any dealer in intoxicating liquors in the Territory to have, or permit, any gambling, game of chance, or gambling carried on, or to have or keep any gambling table or gaming devise of any kind in a room where intoxicating liquors are sold.

2. INDICTMENT—*Good, When.* Where an indictment follows the language of the statute creating the offense, and includes every material element of the crime charged, and the acts constituting such offense are stated in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended, it is all that is necessary to plead to constitute a good indictment.

3. SAME. Hence, an indictment drawn under sec. 25 of the liquor laws of 1893 which charges: "That C. B. Utsler, whose more full name is to the grand jurors unknown, on or about the 25th day of August, in the year of our Lord one thousand eight hundred and ninety-eight, in said county of Garfield and Territory of Oklahoma, did then and there unlawfully and wilfully, in a' room where intoxicating liquors were sold, have and permit gambling carried on by means of a certain gambling device called a pack of cards, adapted, used and designed for the purpose of playing games of chance for money and property, upon which said games of chance money and property were bet, won and lost. The said C. B. Utsler being then and there a dealer in intoxicating liquors, and then and there selling said liquors in said room, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the Territory of Oklahoma." *Held,* to constitute a good indictment, and the objection to the introduction of testimony on the ground that the indictment is insufficient, was properly overruled by the trial court.

4. EVIDENCE—*Proper—Gaming.* Where a person is charged with permitting gambling in a room where intoxicating liquors are sold it is proper and competent for the territory to ask a witness the following question: "Describe what you saw in the room in the way of furniture?" for the purpose of eliciting from the witness whether or not any gambling devices were in the room.

5. SAME. Where a person is on trial for permitting gambling to be carried on in a room where intoxicating liquors are sold, it is competent for the territory to show any specific acts of gambling during

any time within three years next preceding the finding of the indictment, and it is not error for the court too overrule a motion interposed by the defendant to require the Territory to elect upon which of the different transactions it relied for conviction.

6. LIQUORS—*Sale of—Gaming.* The statute prohibits dealers in intoxicating liquors to permit gambling to be carried on in a room where intoxicating liquors are sold, and the fact that the place where the gambling was carried on was separated by a partition containing an opening four or five feet wide, without a door, from the saloon proper where the liquor was sold, is but a subterfuge to evade the law, and does not exempt the party from criminal responsibility. The manifest spirit and purpose of the statute being not only to suppress the evil of gambling, but also to wholly disconnect it from a room or place where intoxicating liquors are sold.

7. RECORD EXAMINED—*Rule Applied.* The record in this case examined, and *Held*, That the evidence is sufficient to warrant the conviction of the defendant, and further *Held*: That no prejudicial error was committed by the court either in the instructions given to the jury, or in refusing the instructions offered on behalf of the defendant.

(Syllabus by the Court.)

*Appeal from the District Court of Garfield County; before Jno. L. McAtee, District Judge.*

*W. S. Denton,* for appellant.

*J. C. Strang, Attorney General* and *J. R. Cottingham,* for appellee.

Opinion of the court by.

HAINER, J.: The appellant, C. B. Utsler, was indicted, tried and convicted, in the district court of Garfield county, of the offense of permitting gambling in a room where intoxicating liquors were sold, and sentenced by the court to pay a fine of $500.00. From this judgment the defendant appeals.

Ten errors are assigned by the appellant for the reversal of this judgment. It is first contended that the in-

dictment is insufficient for the reason that it fails to locate the room where the intoxicating liquors were sold, and in which the gambling is charged to have been permitted. This action was prosecuted under section twenty-five of the liquor law of 1893, which reads as follows:

"It shall be unlawful for any dealer in intoxicating liquors in this Territory, to have, or permit, any gambling game of chance, or gambling carried on, or to keep any gambling table, billiard or pool table, or gaming device of any kind in the room where liquors are sold, and on conviction of same shall be adjudged guilty of a misdemeanor, and fined in any sum not exceeding five hundred dollars."

The charging part of the indictment is as follows:

"That C. B. Utsler, whose more full name is to the grand jurors unknown, on or about the 25th day of August, in the year of our Lord one thousand eight hundred and ninety-eight, in said county of Garfield and Territory of Oklahoma, did then and there unlawfully and wilfully in a room where intoxicating liquors were sold have and permit gambling carried on by means of a certain gambling device called a pack of cards, adapted, used and designed for the purpose of playing games of chance for money and property, upon which said games of chance money and property were bet, won and lost. The said C. B. Utsler, being then and there a dealer in intoxicating liquors and then and there selling said liquors in said room, contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the Territory of Oklahoma."

The indictment follows the language of the statute creating the offense, and includes every material element of the crime charged. It states the acts constituting the offense in ordinary and concise language, and in such a manner as to enable a person of common understand-

—30

ing to know what is intended, and this is all that is necessary to constitute a good indictment. The objection to the introduction of testimony was therefore properly overruled by the court.

It is next contended that the court erred during the progress of the trial in overruling defendant's objection to the following question, propounded to a witness: "Describe what you saw in the room in the way of furniture?" We think that this was a proper question and that there was no error in overruling the objection to the same. The defendant was charged with permitting gambling in a room where intoxicating liquors were sold. The Territory certainly had the right to have the witness-describe the room and what furniture was located therein. The purpose of this question was, no doubt, to ascertain whether or not any gambling devices were kept in the room. The rule announced in the case of *Walburn v. Territory*, 9 Okla. 23, is not in point.

The third error assigned is that the court erred in overruling defendant's motion to require the Territory to elect upon which transaction it would rely for conviction. It is contended by the appellant that the witness McKay testified to one transaction as to seeing cards played in the back room of the rear of the saloon, and that he also saw at another time a game called "stud poker" played therein; and that the witness Fisher testified to seeing cards played there at a different time. And it is contended by the appellant that the defendant was entitled to have the Territory elect upon which of these different transactions it relied for a conviction. There is no merit in this contention. The defendant was not charged with any specific acts of

gambling, but was charged with the offense of permitting gambling to be carried on in a room where intoxicating liquors were sold. It was certainly competent for the Territory to show any specific acts of gambling during any time within three years next preceding the finding of the indictment. The motion to elect was therefore properly overruled.

The fourth error assigned by the appellant is that the evidence is insufficient to warrant a conviction. It is urged, "that there is no evidence that the defendant owned, occupied or had control of the room in the rear where the witnesses saw cards played." We think that the evidence conclusively proves that the saloon was run, and gambling conducted therein, and that it was under the management and control of the appellant. It is true the evidence discloses that there was a partition in the room, and in the partition there was an opening without a door. This opening in the partition, it appears, was four or five feet wide. It further appears that the rear end of the bar and the ice chest were immediately against this partition and within three or four feet of the opening in said partition, and the gambling was conducted immediately back of the partition which part of the room contained a number of tables and chairs. The witness McKay testified that he saw men in the back part of this room playing a game called "stud poker." They were playing this game with celluloid checks of different colors. The game was played with cards, and there was a dealer sitting behind the table, and the parties playing the game were on the opposite side of the table to the dealer. They were playing the game and betting the checks. He observed that these checks were changing

hands in the game; he also saw the players give the dealer money, and saw the checks issued to the players therefore, and then he saw the players cash these checks, and receive money for them. He further testified that while the game was going on he saw the bar tender bring whisky and beer into the room, which was sold to the parties who were engaged in gambling therein, and that he saw the defendant Utsler at that time in both portions of the room. The witness Fisher also testified that he saw gambling carried on in the room with cards, being the game known as "stud poker," and he also testified that liquor was sold in the same room.

We think that the evidence is sufficient to establish the guilt of the defendant beyond any reasonable doubt. No evidence whatever was offered by the defendant, and no other conclusion could have been reached by the jury without a plain violation of their oaths as jurors. And the fact that the place where the gambling was carried on was separated by a partition containing an opening four or five feet wide without a door, from the saloon proper where the liquor was sold, is but a subterfuge to evade the law, and does not exempt the party from criminal responsibility. The manifest spirit and purpose of the statute is not only to suppress the evil of gambling, but also to wholly disconnect it from the room or place where intoxicating liquors are sold.

The remaining assignments of error relate to the giving and refusing of certain instructions by the court to the jury. We have carefully examined each of these assignments of error, and are clearly of the opinion that the entire charge of the court fairly, fully and correctly states the law applicable to the case, and that no preju-

dicial error was committed by the court either in the instructions given to the jury, or in refusing the instructions offered on behalf of the defendant.

We find no prejudicial error in the record. The judgment of the district court is, therefore, affirmed.

The clerk of this court will issue a mandate to the district court of Garfield county, directing that the judgment of the court below be carried into effect.

McAtee, J., having presided in the court below, not sitting; all of the other Justices concurring.